IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFFORD W. BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN DAVID MITCHELL,<br>WEXFORD HEALTH SERVICES, INC.,<br>JOHN/JANE DOE DIRECTOR,<br>JOHN/JANE DOE MEDICAL<br>DIRECTOR, DR. MEYERS, JANE DOE<br>MEDICAL TECHNITIONS, and<br>M. LIVELY,<br><br>    Defendants. | Case No. 23-cv-1739-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Clifford W. Baker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Baker alleges Defendants were deliberately indifferent in the treatment of his broken finger in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Baker makes the following allegations:  On February 9, 2023, Baker broke his finger playing basketball (Doc. 1, p. 2). At 9:10 a.m., Baker went to the healthcare unit and saw two nurses who told him to wait until the doctor came in at 10:00 a.m. (*Id*.). Baker informed the nurses of his extreme pain and swollenness, but he waited until Dr. Meyers arrived at 10:50 a.m. (*Id*.). Dr. Meyers examined Baker, noted that his finger was possibly fractured and that Baker needed to be sent to the emergency room (*Id*.). Baker informed Dr. Meyers that he was in extreme pain and could not move the finger. Dr. Meyers informed Baker that he would have to wait until staff was available to transport him to the emergency room because several inmates were already out on furloughs (*Id*. at p. 3).

Baker waited for several hours and finally informed healthcare staff on the 3:00 p.m. to 11:00 p.m. shift that he was in extreme pain, his finger was turning black, and he was losing circulation in the digit (*Id*.). Baker was called back to the healthcare unit around 6:30 p.m. and transported to the emergency room at 7:30 p.m. (*Id*.). At the emergency room, an x-ray revealed the finger was "shattered" in two places (*Id*.). The emergency room doctor informed Baker that he would need to see an orthopedic doctor about possible surgery within 24 hours (*Id*.). He received a splint and ace bandage and was instructed not to take off the bandage until seen by the surgeon (*Id*.).

Despite numerous requests to nurses and correctional officers, Baker was not immediately seen by a surgeon (*Id.* at pp. 3-4). On February 10, 2023, he filed an emergency grievance, which the warden deemed an emergency, but the grievance was denied by the grievance officer and Rob Jeffries (*Id.* at p. 3). He spoke with a nurse practitioner who told him that he would eventually see an orthopedic doctor. Subsequent doctor and nurse practitioner passes were cancelled (*Id.* at p. 4). On March 22, 2023, he wrote Christine Brown about his finger (*Id.* at p. 4). On April 6, 2023, he spoke to Warden Crow about his finger (*Id.*). On April 12, 2023, he spoke to a physician assistant who told him he should have already been seen by an outside doctor and that his finger was probably permanently damaged (*Id.*). On April 26, 2023, Baker saw a doctor at a hospital in St. Louis, Missouri (*Id.*). The doctor indicated that Baker would need therapy and his tendons and ligaments were possibly damaged (*Id.*).

## Discussion

Simply put, Baker fails to state a claim. Baker only identifies one defendant in the caption of his case, David Mitchell. He lists potential defendants throughout his Complaint but does not list any of them in the case caption. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption"). This includes Wexford Health Services, Inc., John/Jane Doe Director of IDOC, John/Jane Doe medical director, Dr. Meyers, Jane Doe medical technicians, and grievance officer M. Lively.

Baker also fails to state a claim against David Mitchell. He identifies Mitchell as the chief administrative officer (Doc. 1, p. 1), but he fails to allege that Mitchell participated in any care that he received for his finger. Instead, he identifies Mitchell as the warden who deemed his grievance an emergency (Doc. 1, pp. 2-3). But Mitchell cannot be liable simply for responding to the grievance. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Nor can he be liable simply for his position as warden because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, David Mitchell is **DISMISSED without prejudice**.

Even if Baker had properly identified defendants in his Complaint's caption, he still fails to state a claim against any of the defendants. He lists grievance officer M. Lively as a defendant because the grievance officer was "aware of this situation" but the simple mishandling or denial of a grievance does not state a claim. Baker also identifies Wexford Health Services, Inc. as a defendant in the statement of claim and states Wexford was also aware of his condition. But Wexford can only be held liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Baker fails to identify any policy or practice that delayed his request to be seen by a surgeon.

Baker also identifies John and Jane Does throughout his Complaint, but he fails to state a claim against any of them. Although Baker may certainly allege claims against

4

identified John Does (i.e., John Doe #1, John Doe #2), he includes generic groups such as "nurses" and "physician assistants." These claims are too generic to survive threshold review as he does not describe the unknown nurses or even state the number of them. Baker may identify a defendant by a John Doe designation, but he must identify them by number and description. His generic referral to nurses fails to state a claim.

Finally, Baker identifies Dr. Meyers as a defendant in his statement of claim, but he fails to include any allegations that suggest Dr. Meyers acted with deliberate indifference. In order to demonstrate deliberate indifference, Baker must allege that a defendant was aware of the serious medical condition and either intentionally or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). Negligence is not enough; a plaintiff must demonstrate that a defendant denied medical care altogether, delayed care, continued with ineffective treatment, or departed substantially from accepted professional judgment. *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). But Baker alleges that Dr. Meyers saw him soon after arriving on duty, informed Baker that he needed to be sent to the emergency room, and scheduled Baker to be transported as soon as transportation was available (Doc. 1, p. 2). There is no indication in the Complaint that Dr. Meyers treated Baker again after his initial encounter the day of the injury. Nor are there any facts to suggest Dr. Meyers acted with deliberate indifference the one time he met with Baker. Thus, Baker also fails to state a claim against Dr. Meyers.

For the reasons stated above, Baker fails to state a claim against any defendant, whether properly listed as a defendant or not. If Baker wants to pursue a claim of deliberate indifference for any of the care provided, he must file an Amended Complaint.

He is reminded that his Amended Complaint should list each defendant in the case caption, indicate each defendant's alleged involvement in his care, and allege how the individual's actions amount to deliberate indifference. To aid Baker in submitting an Amended Complaint, the Clerk of Court is **DIRECTED** to send Baker a Section 1983 Complaint form.

## Pending Motions

As to Baker's motion for counsel (Doc. 3), he states that he has written several law firms asking for representation. But he fails to indicate why he believes counsel is necessary in this case. Further, given the early stage of the litigation it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[1] Baker indicates that he is a high school graduate and his filings have been easy to read and understand. The Court finds him capable of filing an Amended Complaint on his own. His motion for counsel is **DENIED**.

## Disposition

As set forth above, Baker's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **September 26, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Baker's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Baker must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Baker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: **August 29, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**